UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22-cv-00280-MR

| ROMEAL BRICE, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) |  |
|  | ) | **ORDER** |
| GASTON COUNTY SHERIFFS | ) |  |
| OFFICE/JAIL-DETENTION, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint under 28 U.S.C. §§ 1915A and 1915(e). [Doc. 1]. Plaintiff is proceeding in forma pauperis. [Docs. 2, 7].

**I. BACKGROUND**

Pro se Plaintiff Romeal Brice ("Plaintiff") is a pretrial detainee currently detained at the Gaston County Jail in Gastonia, North Carolina. He filed this action on June 21, 2022, pursuant to 42 U.S.C. § 1983, asserting violations of his rights under the Eighth and Fourteenth Amendments. [Doc. 1]. Plaintiff names the "Gaston County Sheriffs Office/Jail-Detention" ("Sheriff's Office"), Captain FNU Shirley, Corporal FNU Murphy, Classification Officer FNU Pettis, and Detention Office FNU McNabb, as Defendants in this matter, in their individual and official capacities. [Id. at 2-4].

Plaintiff alleges as follows. On February 19, 2022, Plaintiff was booked into the Gaston County Jail. In the early morning of February 20, Defendant Pettis assigned Plaintiff to a cell that was not cleaned after the previous inmate and which contained several hygiene items, a bag of snacks, trash, and "contraband." [Id. at 5]. Plaintiff immediately notified Defendant Murphy, but Murphy refused to have the cell cleaned or remove the property. Approximately 72 hours later, before the cell had been cleaned, Plaintiff was awakened, strip searched, and placed in a holding cell. An hour later Defendant McNabb charged Plaintiff with possession of a controlled substance on Jail premises. Plaintiff argued that the contraband was not his. Defendant McNabb told Plaintiff to get a lawyer and fight the charge in court. [Id.].

On April 9, 2022, Plaintiff asked Defendant Shirley to review the camera footage to prove that the cell was not cleaned before Plaintiff was housed there, but Shirley refused. [Id. at 5]. Plaintiff also asked Defendant Shirley to write a statement reflecting that Plaintiff had notified Defendant Murphy about the state of the cell. Defendant Shirley, however, stated that Defendant Murphy did not recall talking to Plaintiff about the condition of the cell. [Id. at 5-6]. It appears that the felony charge related to the controlled substance found in Plaintiff's cell remains pending in Gaston County. [See

id. at 10].

For injuries, Plaintiff claims mental pain and suffering. [Id. at 10]. For relief, Plaintiff seeks monetary damages and dismissal of the state felony drug charge. [Id.].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding pro se, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520

(1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

Plaintiff's Complaint fails initial review for several reasons.

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

Defendant Sheriff's Office is not a proper Defendant in this matter because it is not a "person" subject to suit under § 1983. See Brooks v. Pembroke Cty. Jail, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989). As such, Defendant Sheriff's Office will be dismissed as a Defendant in this matter.

Plaintiff claims that Defendants Shirley, Murphy, Pettis, and McNabb violated Plaintiff's Fourteenth Amendment due process rights. Plaintiff argues that placing him in a room that had not been cleaned or inspected and contained another inmate's property constituted a deprivation of life, liberty, and property. Plaintiff claims Defendant Shirley violated his due process rights because Shirley is accountable for his staff's conduct and

because Shirley refused Plaintiff's request to review camera footage. Plaintiff contends Defendant Murphy violated his due process rights by refusing to have the cell cleaned and to remove the other inmate's property. Plaintiff alleges that Defendant Pettis violated Plaintiff's due process rights by assigning Plaintiff to the cell at issue without ensuring it was cleaned, inspected, and safe for Plaintiff. [Doc. 1 at 8-9]. Plaintiff alleges that Defendant McNabb violated his Eighth Amendment right to be free from cruel and unusual punishment and his Fourteenth Amendment due process rights because McNabb "was given the duty of charging [Plaintiff] with a felony for illegal contraband" found in the cell.[1] [Id. at 9].

Plaintiff has not alleged a due process claim against any Defendants. "[A] pretrial detainee has a right under the Due Process Clause to be free from punishment before his guilt is adjudicated." Tate v. Parks, 791 Fed. App'x 387, 390 (4th Cir. 2019) (citing Bell v. Wolfish, 441 U.S. 520, 535, 99 S. Ct. 1861 (1979)). An individual pretrial detainee may raise a substantive due process challenge to his conditions of confinement "where they are so disproportionate or arbitrary that they are not related to legitimate

---

[1] Because Plaintiff is a pretrial detainee and not a convicted prisoner, this claim is also governed by the Due Process Clause of the Fourteenth Amendment rather than by the Eighth Amendment's prohibition against cruel and unusual punishment. See Martin v. Gentile, 849 F.2d 863, 870 (4th Cir. 1998) (citations omitted). As such, Plaintiff's claims against Defendant McNabb are one and the same.

penological objectives and amount to punishment." Id. (citing Williamson v. Stirling, 912 F.3d 154, 174-76 (4th Cir. 2018)). "To prevail on such a claim, a detainee must show that the challenged treatment or conditions were either (1) imposed with an express intent to punish, or (2) not reasonably related to a legitimate nonpunitive objective, in which case an intent to punish may be inferred." Id. (citing Williamson, 912 F.3d at 178).

Here, Plaintiff was assigned to a cell that had not been cleaned or cleared out from the previous inmate. While certainly not best practice for a Jail, this temporary condition of Plaintiff's confinement was not so disproportionate or arbitrary as to constitute a constitutional violation. Moreover, there is no vicarious liability under § 1983 and Defendant Shirley is not liable for the actions of his staff as alleged by Plaintiff. See Monell v. New York City Dep't of Social Services, 436 U.S. 658, 694, 98 S.Ct. 2018, 2037-38 (1978). Nor does Plaintiff have any independent right to view Jail video footage. Plaintiff, thus, has failed to state a due process claim based on the conditions of his confinement.

Finally, to the extent Plaintiff may have a claim related to an unfounded felony drug charge, it arises out of events that relate to ongoing state criminal proceedings. In Younger v. Harris, the Supreme Court held that a federal court should not interfere with state criminal proceedings except in the most

6

Case 3:22-cv-00280-MR   Document 8   Filed 07/25/22   Page 6 of 8

narrow and extraordinary of circumstances. 401 U.S. 37, 43-44 (1971). Under the Younger abstention doctrine, abstention is proper in federal court when (1) there is an ongoing state court proceeding; (2) the proceeding implicates important state interests; and (3) the plaintiff has an adequate opportunity to present the federal claims in the state proceeding. Emp'rs Res. Mgmt. Co. v. Shannon, 65 F.3d 1126, 1134 (4th Cir. 1995). Here, given that Plaintiff remains detained, and the state court proceeding is ongoing, the Court must abstain from interfering. Should Plaintiff, however, believe that his claims are not barred by Younger, he may amend his Complaint.

In sum, Defendant Gaston County Sheriff's Office is dismissed as an improper Defendant. The remaining Defendants are dismissed for Plaintiff's failure to state a claim for relief against them. Finally, the felony drug charge remains pending in state court and therefore this Court must abstain from interfering. The Court, however, will allow Plaintiff to amend his Complaint to show why his Complaint is not precluded under Younger and otherwise stating a claim upon which relief may be granted, if the facts support such amendment.

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff's Complaint fails initial review. The Court will allow Plaintiff thirty (30) days to

amend his Complaint, if he so chooses, to properly state a claim upon which relief can be granted in accordance with the terms of this Order. Any amended complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint. Piecemeal amendment will not be permitted. Should Plaintiff fail to timely amend his Complaint in accordance with this Order, the Court will dismiss this action without prejudice.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff shall have thirty (30) days in which to amend his Complaint in accordance with the terms of this Order. If Plaintiff fails to so amend his Complaint, the matter will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that all Defendants are **DISMISSED** as Defendants in this matter.

The Clerk is respectfully instructed to mail Plaintiff a blank prisoner § 1983 form.

**IT IS SO ORDERED.**     Signed: July 24, 2022

Martin Reidinger
Chief United States District Judge