UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22-cv-00280-MR

| ROMEAL BRICE, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | **ORDER** |
|  | ) |  |
| FNU MURPHY, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**THIS MATTER** is before the Court on initial review of Plaintiff's Amended Complaint, [Doc. 10], filed under 42 U.S.C. § 1983, see 28 U.S.C. §§ 1915(e) and 1915A, and Plaintiff's motion for partial refund of filing fee, [Doc. 9]. Plaintiff is proceeding in forma pauperis. [Docs. 2, 7].

**I.  BACKGROUND**

Pro se Plaintiff Romeal Brice ("Plaintiff") is a pretrial detainee currently detained at the Gaston County Jail (the "Jail") in Gastonia, North Carolina. He filed this action on June 21, 2022, pursuant to 42 U.S.C. § 1983, asserting violations of his rights under the Eighth and Fourteenth Amendments by Defendants "Gaston County Sheriffs Office/Jail-Detention" ("Sheriff's Office"), Captain FNU Shirley, Corporal FNU Murphy, Classification Officer FNU Pettis, and Detention Office FNU McNabb. [Doc. 1].

Plaintiff alleged, in pertinent part, as follows. On February 19, 2022, Plaintiff was booked into the Jail. In the early morning of February 20, 2022, Defendant Pettis assigned Plaintiff to a cell that was not cleaned after the previous inmate and which contained several hygiene items, a bag of snacks, trash, and "contraband." [Id. at 5]. Plaintiff immediately notified Defendant Murphy, but Murphy refused to have the cell cleaned or remove the property. Approximately 72 hours later, before the cell had been cleaned, Plaintiff was awakened, strip searched, and placed in a holding cell. An hour later Defendant McNabb charged Plaintiff with possession of a controlled substance on Jail premises. Plaintiff argued that the contraband was not his, but Defendant McNabb told Plaintiff to get a lawyer and fight the charge in court. [Id.].

On initial review of Plaintiff's Complaint, the Court found that Defendant Sheriff's Office was not a proper Defendant and that Plaintiff had not alleged a due process claim against any Defendant. [Doc. 8 at 4-6]. The Court also noted that it appeared that the felony charge related to the controlled substance found in Plaintiff's cell remains pending in Gaston County and that, therefore, Plaintiff's claims are barred by Younger v. Harris, 401 U.S. 37, 43-44 (1971). [Id. at 6-7]. The Court allowed Plaintiff to amend his Complaint to show that Younger does not bar his claims and to otherwise

properly state a claim upon which relief may be granted. [Id. at 7-8].

Plaintiff has timely filed an Amended Complaint, [Doc. 10], which is now before the Court on initial review. Plaintiff also asks the Court to order that filing fees improperly deducted by the Jail be refunded to Plaintiff. [Doc. 9]. In his Amended Complaint, Plaintiff names only FNU Murphy and FNU McNabb as Defendants and merely restates his previous, insufficient allegations against these Defendants and fails to adequately explain why Younger does not apply to bar his claims. [See Doc. 10 at 5-7, 15].

## II.  STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Amended Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Amended Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional

3

scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

As previously noted by the Court, the Supreme Court held in Younger v. Harris that a federal court should not interfere with state criminal proceedings except in the most narrow and extraordinary of circumstances. 401 U.S. 37, 43-44 (1971). Under the Younger abstention doctrine, abstention is proper in federal court when (1) there is an ongoing state court proceeding; (2) the proceeding implicates important state interests; and (3) the plaintiff has an adequate opportunity to present the federal claims in the state proceeding. Emp'rs Res. Mgmt. Co. v. Shannon, 65 F.3d 1126, 1134 (4th Cir. 1995). Plaintiff asserts that his claims are not barred by Younger because, "[i]n the United States, whenever state criminal laws conflict with constitutional provisions, the constitutional provisions prevail." [Doc. 10 at 15 (emphasis in original)]. Plaintiff, however, fails to address any of the Younger elements. That is, Plaintiff does not contend that the state

proceeding has concluded, that important state interests are not involved, or that he cannot present the constitutional claim in the state proceeding. Moreover, Plaintiff may show the same facts he alleges against Defendants Murphy and McNabb here in the state proceeding in his own defense. Under Younger, therefore, the Court must abstain from interfering with Plaintiff's ongoing state proceeding and must dismiss this action. The Court will dismiss this action with prejudice because Plaintiff has already been allowed to amend his complaint once and has failed to follow direct instructions by the Court. See Green v. Wells Fargo Bank, N.A., 790 Fed. App'x 535, 536 (4th Cir. 2020).

## IV. PLAINTIFF'S MOTION

Plaintiff has also filed a motion disputing deductions made by the Jail toward his filing fee in this case and asking the Court to order that a refund be made. [Doc. 9]. On July 14, 2019, the Clerk ordered that payment of an initial partial filing fee in this action was waived. [Doc. 7]. The Clerk directed the Jail "to deduct monthly payments of 20% of the preceding month's income credited to the plaintiff's trust account each time the amount exceeds $10.00." [Id. at 1]. Plaintiff contends that the Jail has made four (4) improper deductions from his Jail trust account and that only a portion of those improper deductions has been refunded to him. [Doc. 9]. Plaintiff claims he

is owed $42.10. [Id.]. Plaintiff asks the Court to order the Jail to refund that amount to Plaintiff and "to stop deducting 100%" of deposits to Plaintiff's trust account. [Id.].

The Court has consulted with the Clerk's Financial Department regarding an accounting of payments made to the Court in payment of the filing fee in this case. The Clerk has advised that the Court has not yet received any payment toward Plaintiff's filing fee in this case. Plaintiff's remedy, therefore, lies with the Jail, not with this Court. If the Court had received payment more than that required pursuant to the Clerk's Order, it would order a refund to Plaintiff. There has been no such overpayment. The Court, therefore, will deny this motion without prejudice. Plaintiff is directed to consult with the appropriate personnel at the Jail to resolve this issue.[1]

## V. CONCLUSION

For the reasons stated herein, the Court will dismiss Plaintiff's Amended Complaint with prejudice and deny Plaintiff's motion regarding the filing fee.

---

[1] Plaintiff is advised that he remains responsible for the filing fee in this case despite it being dismissed.

## **ORDER**

**IT IS, THEREFORE, ORDERED** that Plaintiff's Amended Complaint [Doc. 10] is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff's motion [Doc. 9] is **DENIED without prejudice**.

The Clerk is respectfully instructed to terminate this action.

Signed: August 20, 2022

Martin Reidinger
Chief United States District Judge